PER CURIAM.*
bln this application, relator, Standard Fire Insurance Co., seeks review of a judgment of the district court denying its Motion to Dismiss and/or Declinatory Exception of Insufficiency of Service of Process and Citation.
It is undisputed plaintiffs did not request service within ninety days of filing their May 18, 2007 petition for damages, as required by La.Code Civ. P. art. 1201(C). However, relying on La.Code Civ. P. art. 1672(C), plaintiffs argue they demonstrated good cause for their failure to request service timely. In support, plaintiffs submit they were engaged in ongoing settlement negotiations with relator, and agreed to relator’s requests for extension of time to file responsive pleadings.
Many of the actions relied upon by plaintiffs appear to be of questionable relevance, as they occurred in 2008 and 2009, well outside of the ninety-day period for requesting service of the May 18, 2007 petition. Moreover, it is clear relator’s actions do not constitute an express written waiver of citation and service as contemplated in La.Code Civ. P. art. 1201(C). See Filson v. Windsor Court Hotel, 04-2893 at p. 8 (La.6/29/05), 907 So.2d 728, 729 (“the mere act of filing an answer and participating in discovery does not constitute an express written waiver of citation and service as contemplated by La. C.C.P. art. 1201(C)”). Similarly, relator’s actual knowledge of the filing of plaintiffs’ suit does not obviate the need for service. See Naquin v. Titan Indemnity Co., 00-1585 at p. 8 (La.2/21/01), 779 So.2d 704, 710 (“it is well-accepted that even a defendant’s actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions”).
In the absence of a proper showing of good cause for plaintiffs’ failure to request service in a timely manner, we find the district court erred in denying relator’s motion to dismiss. Accordingly, the judgment of the district court is reversed. Judgment is rendered in favor of relator, granting its motion and dismissing plaintiffs’ suit without prejudice pursuant to La.Code Civ. P. art. 1672(C).

 Chief Justice Kimball not participating in this opinion.