MICHAEL E. KIRBY, Judge.
11 Plaintiff, John J. Hunter, appeals a trial court judgment granting the declinatory exception of insufficiency of service of process asserted by the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College for the Louisiana State University Health Sciences Center, University Hospital (“LSUHSC”), dismissing without prejudice his claims against LSUHSC. For the reasons that follow, we affirm.
On November 17, 2008, plaintiff was allegedly injured while visiting University Hospital in New Orleans. According to plaintiff, he was traversing the front entrance ramp to the hospital and stopped to lean against the guardrail when, suddenly, it gave way, causing him to fall backwards onto a metal pole protruding from the ground below.
As a result of the accident, plaintiff filed a petition for damages on November 17, 2009, inadvertently naming the defendant as “Louisiana State University Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, AKA University | ^Hospital.”[1] The plaintiff timely requested service on both “Attorney General James D. Caldwell, 1885 North 3rd Street, Baton Rouge, LA 70802” and “Louisiana State University Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, AKA University Hospital, 8550 United Plaza Blvd., Suite 400, Baton Rouge, LA 70809,” which was the incorrect agent for service of process.[2] The attorney general was served with the suit on December 3, 2009, but LSUHSC was never served.
On March 17, 2010, LSUHSC filed an exception of insufficiency of service of process, arguing that plaintiff did not comply with La. R.S. 13:5107 and La. R.S. 39:1538(4)[3] Specifically, LSUHSC argued that service was defective as it was not made on both the Attorney General’s office and the head of the LSU Board of Supervisors, as required by La. R.S. 13:5107(A). It argued that “Louisiana Health Care Services Center” was not an entity subject to suit and that plaintiff named the wrong agent for service of process for LSUHSC and University Hospital. LSUHSC prayed that the action be dismissed without prejudice pursuant to La. R.S. 13:5107(D) as a result of plaintiffs *266 failure to request proper service on the LSU Board of Supervisors within ninety (90) days of commencing the action.
| o,Plaintiff opposed the exception, arguing that because he timely requested service on both the attorney general and the state agency, and the attorney general was, in fact, served, he satisfied the requirements of La. R.S. 13:5107. He argued that La. R.S. 39:1538 did not apply in this case because it does not provide for the dismissal of an action against the state for insufficient service of process. Plaintiff argued no legal authority exists for reading La. R.S. 39:1538 in pari materia with La. R.S. 13:5107(D) to obtain dismissal of an action against the state where service was timely requested and effected on the attorney general.
Following a contradictory hearing, the trial court granted the exception and dismissed the plaintiffs claims against LSUHSC without prejudice.
“Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children’s Code. Without them all proceedings are absolutely null.” La. C.C.P. art. 1201(A). Proper citation is the foundation of all actions. Igbinoghene v. St. Paul Travelers Insurance Company, 2011-0124, p. 2 (La.4/4/11), 58 So.3d 452, 453 (citing Naquin v. Titan Indemnity Co., 00-1585, p. 8 (La.2/21/01), 779 So.2d 704, 710).
The requirements of service of process and citation upon LSUHSC are found in La. R.S. 13:5107(A):
In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in | accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
The requisite period in which service is to be made upon LSUHSC, as well as the penalty for the failure to do so, are provided in La. R.S. 13:5107(D):
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defen *267 dants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
La. C.C.P. art. 1672(C) requires dismissal without prejudice when “service has not been requested within the time prescribed by Article 1201(C) ... unless good cause is shown why service could not be requested, in which case the court Rinay order that service be effected within a specified time.” See Igbinoghene, supra, 2011-0124 at p. 2, 58 So.3d at 452.
Louisiana courts strictly construe the good cause requirement of La. C.C. P. art. 1672(C). Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576, p. 1 (La.2/7/03), 841 So.2d 725, 726. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process. Id. Although “good cause” is not defined in La. C.C.P. art. 1672(C), courts have concluded that mere confusion regarding a party’s correct name or inadvertence on the part of plaintiffs counsel to request service is not a sufficient basis for good cause. See Norbert v. Loucks, 2001-1229, p. 3 (La.6/29/01), 791 So.2d 1283, 1285 (citations omitted).
La. R.S. 13:5107 explicitly provides that in any suit against the State of Louisiana or a state agency, such as LSUHSC, service and citation must be made on the attorney general and the department, board, commission or agency head, and service must be requested within ninety (90) days of commencement of the action. Here, it is undisputed that plaintiff timely requested service within ninety (90) days of filing his petition. And, although he correctly requested service on the attorney general, he failed to request service on the LSU Board of Supervisors, the correct agent for service of process for LSUHSC and University Hospital. “The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant.” Barnett, supra, 2002-2576, p. 2 (La.2/7/03), 841 So.2d 725, 726. Given that plaintiff did not serve the LSU Board of Supervisors within 90 days of filing his petition, we find the trial court correctly granted LSUHSC’s exception of insufficiency of service of process.
| ñIn an attempt to show good cause why service on the proper agent was not requested timely and, thus, avoid the penalty of La. R.S. 13:5107(D), plaintiff asserts that in good faith he requested service on Louisiana State University Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, at 8550 United Plaza Blvd., Suite 400, Baton Rouge, LA 70809, and that the sheriff attempted service at that address but the entity that once occupied that address had moved and the sheriff failed to notify him that service could not be made at the designated address.[4] He also points to the fact the office of risk management had notice of the suit.[5]
*268 ’ Neither of these arguments is persuasive. Plaintiff could have discerned the proper agent and correct address with minimal effort by using the internet or public library. Also, the state’s actual knowledge of the suit does not obviate the need for service. See Igbinoghene, supra, 2011-0124 at p. 1, 58 So.3d at 452.
Accordingly, for the above reasons, the judgment of the trial court, dismissing without prejudice plaintiffs claims against the LSUHSC, is affirmed.
AFFIRMED

. The proper defendant for plaintiff’s action is State of Louisiana through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College through Louisiana State University Health Sciences Center, University Hospital.

. The correct agent for service of process for LSUHSC and University Hospital is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU Board of Supervisors”), 3810 W. Lakeshore Drive, Baton Rouge, LA 70808. See La. R.S. 17:3215.

.La. R.S. 39:1538(4) provides, in pertinent part: "In actions brought pursuant to this Section (Claims against the state), process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107....”

. The parties acknowledge in the briefs that, at one time, the LSUHSC and the LSU Board of Supervisors were both located at the address plaintiff gave for service. The LSU Board of Supervisors, however, had moved to its new location on West Lakeshore Drive in Baton Rouge three years before plaintiff filed his suit.

. The record contains a copy of a letter that the State of Louisiana, Division of Administration, Office of Risk Management sent to plaintiff’s counsel, indicating it had received a copy of the plaintiff's suit and was requesting a thirty (30) day extension to prepare the appropriate pleadings.