NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-846

ALTON LEON FIELDS, SR.

VERSUS

LAFAYETTE PARISH CONSOLIDATED GOVERNMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20121244
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.  MOTION TO STRIKE IS GRANTED.

Reshonda L. Bradford
Law Office of Attorney Reshonda L. Bradford, LLC
4615 Monkhouse Drive, Ste. 116
Shreveport, Louisiana  71109
(318) 621-8804
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alton Leon Fields, Sr.

**Stuart R. Breaux**
**Becker & Hebert, LLC**
**910 Harding Street**
**Lafayette, Louisiana  70503**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lafayette City Parish Consolidated Government**
      **Jim Schilling**
      **Denise Womack**
      **Karl Babin**

**CONERY, Judge.**

Alton Leon Fields, Sr. ("Mr. Fields") filed a *pro se* petition on March 2, 2012, via fax, but requested that service be withheld on Lafayette Consolidated Government and two of its employees, Jim Schilling and Denise Womack of the Planning, Zoning and Code Department, as well as Karl Babin, a member of the City of Lafayette Police Department, ("Defendants"). On June 1, 2012, Mr. Fields requested service on the named Defendants, who filed a "Declinatory Exception of Insufficiency of Service of Process and an Alternative Dilatory Exception of Vagueness." A hearing was held on August 6, 2012, on the exceptions. Just prior to the hearing, Mr. Fields filed an amended petition with the clerk of court, identical to his original petition except for the type font. Again, he requested that service be withheld. At the August 6, 2012 hearing, the trial court continued Defendants' "Declinatory Exception of Insufficiency of Service of Process" to allow time for counsel to enroll for Mr. Fields, but granted Defendants' "Alternative Dilatory Exception of Vagueness." The trial court ordered Mr. Fields to amend his petition before the next hearing set for September 17, 2012. Counsel for Mr. Fields enrolled and eventually filed an amended petition. Defendants moved to set their exception for hearing and in response, Mr. Fields filed an "Exception of Res Judicata."

The trial court conducted a hearing on the exceptions on March 4, 2013, after which he took the matter under advisement. He issued written reasons later that same day, granted Defendants' "Declinatory Exception of Insufficiency of Service of Process," dismissing Mr. Fields' suit without prejudice as against all named Defendants. The trial court also denied Mr. Fields' "Exception of Res Judicata." A formal judgment was filed on April 1, 2013. Mr. Fields now appeals

the April 1, 2013 judgment claiming his failure to properly request service on Defendants was cured by his subsequent amending petitions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 2, 2012, Mr. Fields filed a *pro se* petition via facsimile and was granted *forma pauperis* status to proceed without the payment of costs. In the March 2, 2012 petition, Mr. Fields requested that service on Defendants be withheld as follows, "WHEN FURTHER NOTICE IS GIVEN." The March 2, 2012 petition listed as Defendants, Lafayette Consolidated Government and two of its employees, Jim Schilling and Denise Womack of the Planning, Zoning and Code Department, as well as Karl Babin, a member of the City of Lafayette Police Department.

On June 1, 2012, Mr. Fields filed a request with the clerk of court's office for service of the March 2, 2012 petition on Defendants. On June 26, 2012, Defendants filed a "Declinatory Exception of Insufficiency of Service of Process and Alternative Dilatory Exception of Vagueness." Defendants recognized the "Alternative Dilatory Exception of Vagueness" would be rendered moot should the trial court find that service of process on Defendants was insufficient. The hearing on Defendants' exceptions was fixed for August 6, 2012.

On August 6, 2012, the trial court, upon the request of Mr. Fields, granted a continuance of Defendants' "Declinatory Exception of Insufficiency of Service of Process" until September 17, 2012 in order that Mr. Fields recently retained counsel could enroll and appear to represent him at the next hearing. The trial court then ordered Mr. Fields' counsel to enroll in the case within five days, granted

2

Defendants' "Alternative Dilatory Exception of Vagueness" and ordered Mr. Fields to amend his petition prior to the September 17, 2012 hearing date.

The record reflects that on August 6, 2012, at 9:56 A.M., Mr. Fields filed a second petition identical to his original March 2, 2012 petition, except for the type font. The August 6, 2012 second petition also requests that the clerk of court withhold service on Defendants. Mr. Fields contends that the August 6, 2012 second petition was served upon counsel for Defendants in open court during the hearing on August 6, 2012. In their original briefing to this court, Defendants maintain that their counsel was not served with the August 6, 2012 second petition.

The record reflects the August 6, 2012 second petition was filed prior to the hearing on August 6, 2012, and could not have served as the court ordered "amended petition" in connection with the trial court's decision to grant Defendants' "Alternative Dilatory Exception of Vagueness."

On September 13, 2012, thirty-seven days later and well beyond the five days ordered by the trial court for counsel to enroll, counsel for Mr. Fields enrolled on his behalf and sought a continuance of the September 17, 2012 hearing. Defendants did not object, but requested that the amended petition that had been ordered by the trial court be filed by September 21, 2012. On October 2, 2012, again well beyond the court's deadline, Mr. Fields filed his "First Amended Petition for Damages." In this third petition, Mr. Fields named Lafayette City-Parish President Lester J. "Joey" Durel and Lafayette Police Chief Jim Craft as additional defendants. The October 2, 2012, "First Amended Petition for Damages" was served on counsel for Defendants via certificate through standard mail.

3

On November 15, 2012, Defendants sought to have the "Declinatory Exception of Insufficiency of Service of Process" reset for hearing. Mr. Fields replied by filing an "Exception of Res Judicata" on December 18, 2012, claiming Defendants' exception had been denied by the trial court at the original hearing on August 6, 2012, despite evidence to the contrary in the minutes of the hearing.

After two further continuances, on March 4, 2013, the trial court heard oral argument on the opposing exceptions and took the matter under advisement. The transcript of the hearing reflects that Mr. Fields' August 6, 2012 second petition was discussed and counsel for Defendants indicated the only additional filing in the case that he has received was the October 2, 2012 "First Amended Petition" filed and served by Mr. Fields' counsel. Counsel for Defendants indicated on the record he had no knowledge of Mr. Fields August 6, 2012 second petition.

On March 4, 2013, the trial court issued its written reasons, granting Defendants' "Declinatory Exception of Insufficiency of Service of Process" and denying Mr. Fields' "Exception of Res Judicata." The trial court dismissed Mr. Fields' petition without prejudice and found Mr. Fields had failed to properly request service on the named Defendants in his March 2, 2012 petition within the ninety-day requirement of La.Code Civ.P. arts. 1672, 1201(C), and La.R.S. 13:5107(D). The trial court further found that Mr. Fields had failed to demonstrate the necessary "good cause" required pursuant to La.Code Civ.P. art. 1672(C), to avoid the mandatory dismissal of his petition.

On April 1, 2013, a judgment was signed by the trial court, granting, Defendants' "Declinatory Exception of Insufficiency of Service of Process," denying Mr. Fields' "Exception of Res Judicata," and dismissing without prejudice Mr. Fields' action against Jim Schilling, Denise Womack, Karl Babin, and

Lafayette City-Parish Consolidated Government.  A devolutive appeal of the April

1, 2013 judgment was timely filed by Mr. Fields.

## ASSIGNMENT OF ERRORS

1. The Trial Court erred in granting the Defendant[s]-Appellees[']
Exception of Insufficiency of Service of Process after Ordering Mr.
Fields to Amend and, in effect, serve his amended Petition for
Damages.

2. The Trial Court erred in granting the Defendant[s]-Appellees[']
Exception of Insufficiency of Service of Process after Plaintiff-
Appellant showed good cause for his delay in the service of the
original suit.

3. The Trial Court erred in granting the Defendant[s]-Appellees[']
Exception of Insufficiency of Service of Process after the Defendants
failed to show any prejudice, whatsoever, in the one day delay in the
Appellants' request for service of process.

## LAW AND DISCUSSION

### *Standard of Review*

The proper standard of review is whether the trial court committed an error

of law or made a factual finding that was manifestly erroneous or clearly wrong.

*Gibson v. State,* 99-1730 (La. 4/11/00), 758 So.2d 782, *cert. denied,* 531 U.S. 1052,

121 S.Ct. 656 (2000). The supreme court's two-part test for appellate review of a

factual finding requires: "1) The appellate court must find from the record that

there is a reasonable factual basis for the finding of the trial court, and 2) The

appellate court must further determine that the record establishes that the finding is

not clearly wrong (manifestly erroneous)." *Mart v. Hill,* 505 So.2d 1120, 1127

(La.1987). The reviewing court must review the record in its entirety to make this

determination. *Stobart v. State, DOTD,* 617 So.2d 880 (La.1993).

However, statutory interpretations are questions of law. *Shell v. Wal-Mart*

*Stores, Inc.,* 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-

1149 (La. 6/15/01), 793 So.2d 1244. Although a reviewing court defers to a trial court's reasonable decision on a question or matter properly within the trial court's discretion, if the trial court's decision is based on an erroneous interpretation or application of the law, such an incorrect decision is not entitled to deference. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

The law applicable to Mr. Fields' failure to timely request service on Defendants, individually named in his original March 2, 2012 petition is provided generally by La.Code Civ.P. arts. 1672 and 1201(C) and specifically by La.R.S. 13:5107(D), which governs service on a state agency such as the defendant Lafayette City-Parish Consolidated Government.

### *Louisiana Code of Civil Procedure Article 1672*

Louisiana Code of Civil Procedure Article 1672 provides for an involuntary dismissal of an action and section (C) provides the requirements for service of citation as follows:

> C. A judgment dismissing an action without prejudice *shall* be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. (Emphasis Added).

### *Louisiana Code of Civil Procedure Article 1201*

Louisiana Code of Civil Procedure 1201(A) provides that citation and service "are essential in all civil actions." Section (C) specifically dictates the time and manner of service and states:

> C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a

6

supplemental or amended petition is filed naming any additional defendant, service of citation *shall be requested within ninety days of its filing*. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation. (Emphasis Added)

### *Louisiana Revised Statutes 13:5107(D)*

Louisiana Revised Statutes 13:5107 specifically provides for service on a state agency and states in section (D):

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

*Assignment of Error One*

The issue to be addressed in Mr. Fields' first assignment of error is that the delay in the hearing and ruling by the trial court on Defendants' "Declinatory Exception of Insufficiency of Service of Process," coupled with the trial court's order requiring Mr. Fields to amend his petition, rendered moot Defendants' motion seeking to dismiss Mr. Fields' action without prejudice for his failure to comply with the ninety-day service requirements stated above.

The trial court found, and it is undisputed by the parties, that Mr. Fields failed to request service on the named Defendants within ninety days of filing his original petition on March 2, 2012. Mr. Fields requested service on June 1, 2012, the ninety-first day.

It is also undisputed that Defendants never expressly waived "citation and service by written waiver made part of the record," as contemplated by La.Code Civ.P. art. 1201(C). La.Code Civ.P. art. 1201(B). From June 23, 2012, forward to the date of the hearing and issuance of written reasons by the trial court on March 4, 2013, Defendants' sought to dismiss Mr. Fields' claim without prejudice pursuant to La.Code Civ.P. art. 1672(C) and La.R.S. 13:5107(D), as evidenced by their "Memorandum in Support Declinatory Exception of Insufficiency of Service of Process."

Mr. Fields' argues the trial court's action in granting Defendants' "Alternative Dilatory Exception of Vagueness," "ordering Mr. Fields to Amend and, in effect, serve his amended Petition for Damages," in some way cures his failure to comply with the mandatory provisions requiring ninety-day service from date of filing of his original March 2, 2012 petition, pursuant to La.Code Civ.P. art. 1672(C), La.Code Civ.P. art. 1201(C), and La.R.S. 13:5107 (D).

8

Mr. Fields further argues that the supreme court case of *Hunter v. La. State Univ. Agric. & Mech. Coll. Ex rel. La. Health Care Servs. Ctr. for Univ. Hosp. at New Orleans*, 11-2841 (La. 3/9/12), 82 So.3d 268, which cites two additional supreme court decisions, *Burnett v. James Constr. Group*, 10-2608 (La. 7/1/11), 66 So.3d. 482, and *Whitley v. State of La., ex rel. Bd. of Supervisors of La. State Univ. Agric. Mech. Coll.,* 11-40 (La. 7/1/11), 66 So.3d 470, supports his position that the amended petitions cured the defect in service. However in each of these three cases, the plaintiff timely requested service of the first filed petition within the required ninety-day time period, but misidentified the defendant to be served. Thus, these holdings are not applicable to the facts of this case.

In *Igbinoghene v. St. Paul Travelers Ins. Co.*, 11-124, (La. 4/4/11), 58 So.3d 452, the supreme court reversed the trial court's denial of a motion to dismiss and dismissed plaintiff's action for failure to request service within the required ninety day period for service. In *Igbinoghene*, the plaintiff argued that ongoing settlement negotiations and extension of time granted to the defendant to file responsive pleadings qualified as good cause for failing to meet the ninety-day deadline for service.

The *Igbinoghene* court found that these actions by the defendant did not "constitute an express written waiver of citation and service as contemplated in La.Code Civ.P. art. 1201 (C)," citing *Filson v. Windsor Court Hotel,* 04-2893, p.8 (La. 6/29/05), 907 So.2d 723, 729, which found, " the mere act of filing an answer and participating in discovery does not constitute an express written waiver of citation and service as contemplated by La. C.C.P. art. 1201(C)."

Further, a defendant's actual knowledge of the filing of plaintiff's suit does not "obviate the need for service." *Igbinoghene*, 58 So.3d at 453. Quoting *Naquin*

9

*v. Titan Indem.* Co., 00-1585, p. 8 (La.2/21/01), 770 So.2d 704, 710, the court in *Igbinoghene* stated, "it is well accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions." *Igbinoghene*, 58 So.3d at 453.

Based on the foregoing, the trial court's ruling dismissing without prejudice Mr. Fields' claims against the individually named Defendants in his original March 2, 2012 petition was entirely correct. Defendants continued to maintain from June 26, 2012, forward to the March 4, 2013 ruling, their exception pursuant to La.Code Civ.P. art 1201(C) and La.R.S. 1672(C) seeking the dismissal of Mr. Field's March 2, 2012 petition without prejudice for his failure to timely serve the named Defendants within the required ninety-day period. As demonstrated by the jurisprudence cited, the action by the trial court in allowing Mr. Fields' to amend his petition did not obviate the need for proper service. Thus, this assignment of error is without merit.

### *Assignment of Error Two*

Mr. Fields argues the trial court erred in not finding "good cause" for the lack of timely service pursuant to La.Code Civ.P. art. 1201(C). Louisiana Code of Civil Procedure 1201(C) allows the trial court the leeway to grant a litigant additional time, beyond the ninety days, to perfect service on a defendant.

The trial court found in its written reasons as follows:

Louisiana courts strictly construe the good cause requirement of article 1672(C). *See Norbert v. Loucks*, 01-1229(La.6/29/01), 791 So.2d 1283. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process. *See Conner v. Continental Southern Lines*, 294 So.2d 485 (La.1974) (holding that service of process on incorrect agent is illegal and without effect)[.]

In the case of *Young v. Roth*, 01-2151, p.1 (La. 11/9/01), 800 So.2d 374, the

supreme court found that the application of "good cause" should be strictly construed and stated, "Plaintiff's counsel's request of service one day after the ninety day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does not constitute good cause."

This circuit also strictly construes the requirement of "good cause," and has consistently held that "good cause" did not exist where the request for service occurred on the ninety-first day and was due to "mistake or inadvertence." *Lewis v. Spence*, 00-648, p. 1 (La.App. 3 Cir. 11/2/00), 772 So.2d 354, 355.

Mr. Fields argues he was *pro se* when the March 2, 2012 original petition was filed and on June 1, 2012, when service was requested on the named Defendants. *Pro se* plaintiffs are normally allowed more latitude than plaintiffs represented by counsel because they lack formal training in the law and its rules of procedure. *Bankston v. Alexandria Neurosurgical Clinic*, 94-693 (La.App. 3 Cir. 12/7/94), 659 So.2d 507. However, in *Harrison v. McNeese State Univ.*, 93-288 (La.App. 3 Cir. 3/23/94), 635 So.2d 318, 320, *writ denied*, 94-1047 (La. 6/17/94), 638 So.2d 1099, a panel of this court stated as follows in regard to the rights and responsibilities of a *pro se* litigant, "[b]y choosing to represent himself, a party assumes the responsibility of familiarizing himself with applicable procedural and substantive law. His failure to do so does not give him any greater rights than a litigant represented by an attorney."

The trial court, before taking the case under advisement to further determine the effect of the *pro se* status of a litigant on the finding of good cause, specifically discussed Mr. Fields' *pro se* status and its bearing on Mr. Fields' failure to timely request service on Defendants. The trial court in commenting on Mr. Fields' history with his court stated:

11

I know Mr. Fields has been in my court before. And look, he did a pretty darn good job of putting together a petition as a pro se plaintiff, and he's had some arguments with me – not arguments. But that's one of the problems with considering Mr. Fields pro se, because he is as talented as many lawyers that have come in my court with his ability and those things.

The trial court's determination of the application of the good cause exception to La.Code Civ.P. art. 1201(C) is a factual determination which should not be disturbed on appeal absent manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court after considering the facts of this case, specifically considering Mr. Fields' *pro se* status, found no basis for the good cause exception pursuant to La.Code Civ.P. art. 1201(C). Finding no manifest error in the trial court's ruling, we find Mr. Fields' second assignment of error is without merit.

### *Assignment of Error Three*

Mr. Fields argues that Defendants' "Exception of Insufficiency of Service of Process" should not have been granted as Defendants failed to show any prejudice resulting from Mr. Fields' one-day delay in requesting service of his petition, and thus, the good cause exception should apply pursuant to La.Code Civ.P. art. 1201(C).

In *Gauthier v. Gauthier*, 04-198, p.5 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, 685, a panel of this court addressed the lack of prejudice to defendants as a justification for tardy service and good cause and stated:

> Finally, lack of prejudice to the opposing party is not good cause to justify tardy filings. For example, in *Naquin v. Titan Indemnity Co.,* 00-1585 (La.2/21/01), 779 So.2d 704, the plaintiff argued that, although their service on the defendant was delayed, the opposing party was not prejudiced because they had knowledge of the suit. The supreme court declined to find this supported good cause. Similarly, in *Langlois v. East Baton Rouge Parish School Board,* 01-1227, p. 7 (La.App. 1 Cir. 9/24/01), 809 So.2d 274, 278, the court found that the plaintiff had not demonstrated good cause for his failure to timely request service because "defendants' admission that

[opposing counsel] had knowledge of the claim ... [does] not excuse plaintiff from the requirement to timely request service."

Based on the facts of this case and the jurisprudence cited herein, we find no manifest error in the trial court's determination that lack of prejudice to Defendants justifies the application of the good cause exception to La.Code Civ.P. art. 1201(C). Thus, Mr. Fields' third assignment of error is also without merit.

### *Defendants' Motion to Strike*

In his reply briefing Mr. Fields raises two issues not previously raised before the trial court, "I. Whether Counsel for Appellees was served with the Petition filed by Appellant, Alton Leon Fields, on August 6, 2012; II. Whether the Court's directive for Appellant Fields to amend his original Petition and serve same has a direct impact on the litigation."

In response, Defendants filed a motion to strike, which was referred to the merits by this court. Defendants argued that the two issues raised by Mr. Fields were not addressed in his original brief, and were not included in his specified assignments of error. Defendants urge the application of Rule 1–3 of the Uniform Rules, Courts of Appeal. Rule 1–3 provides in pertinent part, "The Courts of Appeal will only review issues that were submitted to the trial court and which are contained in specification or assignments of error, unless the interest of justice clearly requires otherwise." This court agrees these two issues were not previously raised by Mr. Fields and finds based on its ruling "the interest of justice" does not require otherwise, and therefore grants Defendants' motion to strike.

The third issue raised by Mr. Fields in his Reply Brief, "III. Whether the petition filed October 2, 2012 was in violation of the lower Court's August 6, 2012

13

Order," is also not before this court and is also not relevant to a determination of the issue.

## CONCLUSION

For the foregoing reasons we affirm in its entirety the judgment of the trial court granting Defendants' "Declinatory Exception of Insufficiency of Service of Process," dismissing without prejudice, Alton Leon Fields, Sr.'s claims against Jim Schilling, Denise Womack, Karl Babin and the Lafayette City-Parish Consolidated Government as set forth in Mr. Fields' March 2, 2012 petition and August 6, 2012 second petition. Defendants' Motion to Strike, referred to the merits, is granted pursuant to Rule 1–3 of the Uniform Rules, Courts of Appeal. All costs of this appeal are assessed against Alton Leon Fields, Sr.

**AFFIRMED. MOTION TO STRIKE IS GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

14