# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 23-017

NICHOLAS BOATWRIGHT, ET AL.

VERSUS

FARM BUREAU INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 106,046 "J"
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

## JONATHAN W. PERRY
## JUDGE

**********

Court composed of D. Kent Savoie, Jonathan W. Perry, and Gary J. Ortego, Judges.

**AFFIRMED.**

**David Patrick Daniel, Jr.**
**Patrick Daniel Law**
**4801 Woodway Drive, Suite 440-W**
**Houston, Texas 77056**
**(713) 999-6666**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Nicholas Boatwright, et al.**


**Michael W. Campbell**
**Staci Knox Villemarette**
**Lauren Camel Begnaud**
**Brooke Wison-Schexnailder**
**Caffery, Oubre, Cambell & Garrison, L.L.P.**
**100 E. Vermilion, Suite 201**
**Lafayette, Louisiana  70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Robert Bernard, et al.**


**James Robert Nieset, Jr.**
**Porteous, Hainkel & Johnson**
**704 Carondelet Street**
**New Orleans, Louisiana  70130**
**COUNSEL FOR DEFENDANT:**
     **St. Paul Fire and Marine Insurance Company**

**PERRY, Judge.**

At issue in this case is whether the failure to request service of the citation on a defendant within ninety days of the commencement of the action, as required by La.Code Civ.P. art. 1201(C), mandates dismissal under La.Code Civ.P. art. 1672(C). After reviewing the record and the applicable law, we affirm the judgment of the trial court granting defendant's motion for involuntary dismissal.

## FACTS AND PROCEDURAL HISTORY

On December 20, 2018, Nicholas Boatwright ("Boatwright"), in proper person, filed a Petition for Damages individually and as the father of the minor child, Charlize Boatwright, and as sole owner of Black Gold Exploration, L.L.C., (hereinafter collectively referred to as "Plaintiffs"), against several defendants, including Robert Bernard ("Bernard").[1]  The petition requested: "PLEASE WITHHOLD SERVICE."

On March 11, 2019, Boatwright, in proper person, filed a First Supplemental and Amending Petition for Damages.  Service of the citation was requested on Advanced Agriculture, Inc. ("Advanced Agriculture"), Farm Bureau Insurance Company ("Farm Bureau"), and St. Paul Fire and Marine Insurance Company ("St. Paul"),[2] but not on Bernard.

On August 23, 2021, an Amended Petition for Damages was filed, this being the first petition filed by Plaintiffs through counsel.  Plaintiffs' third-filed petition made no request for service on any of the defendants.

---

[1] Though not pertinent to the issue on appeal, Plaintiffs allege personal injuries were suffered when the vehicle being driven by Boatwright slid off Louisiana Highway 719 after encountering mud on December 28, 2017.  Plaintiffs allege the mud was on the highway due to sugarcane harvesting operations by Advanced Agriculture, and further allege that within an hour prior to Plaintiffs' crash, Bernard, as the site manager for Advanced Agriculture, was informed by a Louisiana State Trooper that the mud on the highway needed to be swept away.

[2] The record reflects answers to Plaintiffs' original and first amended petitions were filed by Advanced Agriculture and Farm Bureau on May 3, 2019, and St. Paul on June 17, 2021.

On March 9, 2022, Bernard filed a Declinatory Exception of Insufficiency of Service of Process, Motion for Involuntary Dismissal and Motion to Abandon alleging he has never been properly served with the citation. Bernard sought an involuntary dismissal of Plaintiffs' claims under La.Civ.Code art. 1672(C) because service was not requested upon him within ninety days as required by La.Code Civ.P. art. 1201(C).[3]

Plaintiffs filed an opposition brief alleging Bernard waived all objections to service of the citation under La.Code Civ.P. art. 925 because he made appearances in this matter. Plaintiffs asserted Bernard filed a Motion for Extension of Time on March 22, 2019, requesting additional time to answer Plaintiffs' Petition for Damages filed on December 20, 2018, and Plaintiffs' First Supplemental and Amending Petition for Damages filed on March 11, 2019. Additionally, Bernard filed a Motion for Extension of Time on February 10, 2022, requesting additional time to answer the first two petitions, as well as Plaintiffs' Amended Petition for Damages filed on August 23, 2021. Plaintiffs argued Bernard waived citation and service because his motions requesting extensions expressed that they were being filed on behalf of Bernard.

At the hearing of this matter,[4] the trial court declared, "I am going to deny your exception of insufficiency of service of process and your motion to dismiss based on abandonment because of the appearance." Following said hearing, Bernard

---

[3] Bernard also moved for dismissal on the basis of abandonment. Because the judgment of the trial court does not address abandonment, we have excluded discussion of the parties' contentions on this issue.

[4] The hearing of this matter occurred on May 16, 2022, without Plaintiffs' presence. The record reflects Plaintiffs' opposition brief was filed electronically on May 11, 2022, and a motion to continue was electronically filed by Plaintiffs' counsel on the morning of the hearing. After the trial court denied Plaintiffs' motion to continue, Bernard objected to Plaintiffs' late-filed opposition brief, arguing it violated Rule 9.9(c) of the Louisiana Uniform Rules of District Courts, which requires service of "an opposition memorandum so it is received at least eight calendar days before the scheduled hearing[.]" After overruling Bernard's objection, the trial court pronounced its oral ruling.

requested findings of fact and written reasons for judgment from the trial court pursuant to La.Code Civ.P. art. 1917(A).

Setting aside its prior oral ruling against Bernard, the trial court's Written Reasons for Judgment issued on June 16, 2022, presented a ruling in favor of Bernard. Therein, the trial court wrote, in relevant part:

> Upon further review, the Court finds that the exception of insufficiency of service of process should be sustained, and that the motion for involuntary dismissal should be granted. La.Code Civ.Proc.Ann.art. 928 states in pertinent part: "[t]he declinatory exception . . . shall be pleaded prior to . . . or along with the filing of any pleading seeking relief other than . . . extension of time within which to plead. . . ." The only pleading filed into the record on behalf of Mr. Bernard were two motions for extension of time. Under Article 928, the filing of those pleadings did not result in the waiver of the declinatory exception of insufficiency of service of process. Inasmuch as the plaintiff did not request service on Mr. Bernard until January 11, 2022, his motion for involuntary dismissal should have been granted because he was not served within the time limit provided by La.Code Civ.Proc.Ann. art. 1201.

Judgment was signed by the trial court on July 14, 2022, which decreed as follows:

> IT IS HEREBY ORDERED that the Declinatory Exception of Insufficiency of Service of Process is sustained.

> IT IS FURTHER ORDERED that the Motion for Involuntary Dismissal is granted, dismissing Robert Bernard from this litigation. [5]

It is from this judgment that Plaintiffs appeal.

## APPELLANTS' ASSIGNMENTS OF ERROR

Plaintiffs assign error to the trial court's dismissal of their claims against Bernard. Plaintiffs assert this error presents four issues for review:

1. Did the trial court error [sic] in dismissing Bernard for inadequate service when Article 1201 general requirements for citation and service of process were waived when Bernard made an appearance in the litigation?

---

[5] The trial court's judgment does not specify whether the dismissal of Plaintiffs' claims against Bernard is with or without prejudice. Generally, a judgment that is silent as to a dismissal with or without prejudice must be construed as a dismissal without prejudice. *See Allen v. Allen*, 16-407 (La.App. 1 Cir. 12/22/16), 210 So.3d 477. Also relevant, Article 1672(C) of the Louisiana Code of Civil Procedure requires "judgment dismissing an action without prejudice[.]"

2. Did the trial court error [sic] by not computing [sic] the actions of other defendants to Bernard for purposes of making an appearance or interrupting prescription?

3. Was dismissal under Article 1672 error when Article 925 objections were not made before an appearance on record and the court misinterpreted Article 928?

4. Was it error for the court to ignore the mandatory requirements of Article 932 requiring plaintiff be allowed to take steps to cure?

## APPELLANTS' ARGUMENTS

Plaintiffs contend the declinatory exception of insufficiency of service of process, set forth in La.Code Civ.P. art. 925, is waived by a defendant making an appearance in the case. They argue Bernard made an appearance of record in filing his motions for extension, thereby waiving the service requirement of La.Code Civ.P. art. 1201(C).

Plaintiffs further allege service was effectuated upon Bernard's co-defendants, Advanced Agriculture and Farm Bureau, and that in response to being served, counsel for Bernard's co-defendants filed several items with the trial court indicating they also represent Bernard. According to Plaintiffs, Bernard, Advance Agriculture, and Farm Bureau are joint obligors; thus, service upon and the filing of answers by Advanced Agriculture and Farm Bureau are imputed to Bernard and, thus, serves to interrupt prescription, making Bernard's eventual service timely.

Alternatively, if this court finds Bernard's exception was correctly sustained, Plaintiffs submit the trial court should have granted them the opportunity to amend the petition in accordance with La.Code Civ.P. art. 932(A).[6] Plaintiffs request the judgment of the trial court be vacated and this matter be remanded with the

---

[6] Under La.Code Civ.P. art. 932(A), "When the grounds of the objection pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the day allowed by the court[.]"

4

instruction that they be given a reasonable period of time within which to effectuate proper service on Bernard.

## APPELLEES' POSITION

Bernard denies expressly waiving service and asserts that his actions do not constitute an express waiver of the requirement set forth in La.Code Civ.P. art. 1201(C) that service of the citation shall be requested on all named defendants within ninety days of commencement of the action. Bernard argues Plaintiffs' contention that he waived service of the citation because motions seeking extended time to answer were filed on his behalf is in direct contravention with the supreme court's pronouncement in *Igbinoghene v. St. Paul Travelers Ins. Co.*, 11-124 (La. 4/4/11), 58 So.3d 452. Bernard further asserts the record establishes no answer was filed on his behalf. Thus, his declinatory exception of insufficiency of service of process was timely filed under La.Code Civ.P. art. 928.

Bernard contends Plaintiffs incorrectly argue prescription, which he submits is not an issue on appeal. He asserts the sole issue is whether Plaintiffs complied with La.Code Civ.P. art. 1201.

Bernard argues that an amendment of the pleadings would not cure Plaintiffs' violation of La.Code Civ.P. art. 1201. He submits Plaintiffs never timely requested service of the first filed petition and, though service of the three petitions was ultimately requested on or about January 11, 2022, Plaintiffs' requested service is defective because Bernard has never lived at the address where Plaintiffs requested service to be effectuated.[7]

---

[7] The record reflects citation and service of the three petitions was requested on Bernard on or about January 11, 2022, at "106 Villere Circle, Lafayette, Louisiana, 70506." Plaintiffs allege that domiciliary service was effected at this address on January 20, 2022. At the hearing of this matter, Bernard denied ever being properly served. He introduced the Affidavit of Leslie Breaux Hanks, attesting she resides at the aforementioned address and that Bernard has never resided at this address.

5

## STANDARD OF REVIEW

"The well[-]established manifest error/clearly wrong standard of review is applicable when a trial court dismisses an action for failure to timely perfect service of process. *Johnson v. Brown*, 03-679 (La. 6/25/03), 851 So.2d 319; *Patterson v. Jefferson Parish Sch. Bd.*, 05-580 (La.App. 3 Cir. 12/6/00)." *JP Morgan Chase Bank v. Smith*, 07-1580, p. 3 (La.App. 3 Cir. 5/21/08), 984 So.2d 209, 212.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 1201(A) provides that citation and service "are essential in all civil actions[.]" Section (C) of La.Code Civ.P. art. 1201 specifies the time and manner of service, stating, in pertinent part:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.

The issue in this case is an issue of procedural timeliness. Plaintiffs did not request service of the citation on Bernard within ninety days of the filing of the petition as required by La.Code Civ.P. art. 1201(C). As a result, Bernard filed a motion for involuntary dismissal pursuant to La.Code Civ.P. art. 1672(C), which provides:

> A judgment dismissing an action without prejudice shall be rendered to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Plaintiffs' contentions relating to the timing of Bernard's objection to the late service request concern the declinatory exception set forth in La.Code Civ.P. art. 925. To this end, we find the holding of the Louisiana Supreme Court in *Filson v.*

*Windsor Court Hotel*, 04-2893 (La. 6/29/05), 907 So.2d 723, clarifying. Therein, the supreme court explained:

> [A]n objection to insufficiency of citation or service of process under La. C.C.P. art. 925 "is properly leveled at the form of the citation" and also "focuses on the person to whom citation is delivered or on the manner in which delivery is made." Maraist, Frank L. and Lemmon, Harry T., *Louisiana Civil Law Treatise,* Vol. 1, § 6.5, p. 108. When a defendant objects to the failure to request service within 90 days, he is not objecting because the service is "insufficient;" rather, it is either non-existent or it is untimely. Where the objection is based on service outside the 90-day time limit of La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) specifically provides that the manner for objecting is by filing a motion for involuntary dismissal.

*Id*. at 726–27. The issue before this court concerns service not being requested within ninety days of commencement of the action, making a motion for involuntary dismissal under La.Code Civ.P. art. 1762(C) the proper method for objecting to late service.

Regarding Plaintiffs' contention that Bernard waived the service requirement of La.Code Civ.P. art. 1201(C), we find instruction from the supreme court's pronouncement in *Igbinoghene*, 58 So.3d 452. Therein, the supreme court reversed the trial court's denial of a motion to dismiss and dismissed plaintiff's action for failure to request service within the required ninety-day period for service. In *Igbinoghene*, the plaintiff argued that ongoing settlement negotiations and the extension of time granted to the defendant to file responsive pleadings qualified as good cause for failing to meet the ninety-day deadline for service. The *Igbinoghene* court found that these actions by the defendant did not "constitute an express written waiver of citation and service as contemplated in La.Code Civ.P. art. 1201 (C)." *Id*. at 453 (citing *Filson*, 907 So.2d at 729, which found, "the mere act of filing an answer and participating in discovery does not constitute an express written waiver of citation and service as contemplated by La. C.C.P. art. 1201(C))."

7

Further, service is required despite a defendant's actual knowledge of the filing of plaintiff's suit. The court in *Igbinoghene* declared, "it is well accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions." *Id*. at 453 (quoting *Naquin 10 v. Titan Indem. Co.*, 00-1585, p. 8 (La. 2/21/01), 770 So.2d 704, 710).

Plaintiffs' argument in this matter relating to the interruption of prescription was neither raised before nor addressed by the trial court. *See Boudereaux v. State, Dep't of Transp. & Dev.*, 01-1329 (La. 2/26/02), 815 So.2d 7 (an appellate court cannot consider contentions which were not pleaded in the court below and which were not considered in the court below).

Finally, Plaintiffs' assertion the trial court should have granted to them the opportunity to cure their violation of La.Code Civ.P. art. 1201(C) goes against the mandate of La.Code Civ.P. art. 1672(C) that "[a] judgment dismissing an action without prejudice shall be rendered to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C)[.]" Based on the record before us, we find no manifest error by the trial court in granting the motion to dismiss Plaintiffs' claims against Bernard.

### DECREE

The judgment of the trial court granting Robert Bernard's motion for involuntary dismissal is affirmed. Plaintiffs' claims against Robert Bernard are dismissed, without prejudice, pursuant to La.Code Civ.P. art. 1672(C). Costs of this appeal are assessed to Plaintiffs/Appellants.

**AFFIRMED.**