376 So.2d 623 (1979)
Effie GARRETT, Individually and on Behalf of her Minor Children, Francella Regina Garrett, Patrick O. Garrett and Newland Garrett, Jr.
v.
Ed EARNEST and State Farm Mutual Automobile Ins. Co.
No. 10690.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
*624 Orlando G. Bendana and Wayne H. Carlton, Jr., New Orleans, for plaintiffs-appellants.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Owen A. Neff, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
Mrs. Effie Garrett has appealed from a judgment which maintained several pre-trial exceptions and dismissed her suit for damages on behalf of her minor children. The principal issue is whether a tortfeasor may question the procedural capacity of a mother who is living separate and apart from the father without a judgment of separation or divorce and who obtains an appointment as provisional tutrix authorized to present the children's tort claim.
Facts
Mrs. Garrett and her husband, the father of the children, had separated several years prior to the accident, but had never been divorced or judicially separated. Mrs. Garrett's original petition, presenting a demand for the damages sustained by her and by the children, was met with exceptions of lack of procedural capacity and of no cause and no right of action. After the trial court maintained the exceptions and ordered Mrs. Garrett to amend her petition to remove the grounds for the objection, she filed a separate tutorship proceeding (which was allotted to another division) and obtained a judgment appointing her as provisional tutrix for the purpose of prosecuting the action for damages. She then filed an amended petition, alleging her status as provisional tutrix. Defendants renewed the previously filed exceptions, and the trial court maintained all of the exceptions and dismissed the suit as to the minor children. This appeal followed.
Peremptory Exceptions
The exception of no cause of action raises the question of whether the law affords a remedy to anyone for the particular grievance alleged in the petition. Babineaux v. Pernie-Bailey Drilling Co., 262 So.2d 328 (La.1972). It is evident in this case that someone has a remedy to recover for the medical expenses and the pain and suffering caused by the tort, and the exception of no cause of action should have been overruled.
The exception of no right of action addresses itself to the question of whether the parties seeking the relief are persons in whose favor the law extends a cause of action for the relief sought. Babineaux *625 v. Pernie-Bailey Drilling Co., above. Here, the true parties to the action are the children. Since the law certainly extends a cause of action to them for their injuries caused by the tort, they (through their proper representative) clearly have a right of action to recover for their injuries. The exception of no right of action is not the appropriate device to question the procedural capacity of the children's representative, and the exception should have been overruled.
Exception of Lack of Procedural Capacity
C.C.P. art. 683 recognizes that an unemancipated minor does not have the procedural capacity to sue and authorizes the father, as administrator of the child's estate, to sue to enforce the minor's rights when the parents are not divorced or judicially separated. The article further authorizes the mother to sue, as administratrix of their estate, when the father is incompetent or an absentee. The trial court applied the literal provisions of C.C.P. art. 683 in maintaining the exception.
However, an interpretation of C.C.P. art. 683 under the circumstances of this case requires a reference to C.C.P. art. 4501 and 4502 in that portion of the Code entitled Administration of Minor's Property During Marriage of Parents. C.C.P. art. 4501 authorizes the father, when both parents are alive and not divorced or judicially separated, to represent the minor in compromise of claims and in other transactions by pursuing the same forms as in the case of a minor represented by a tutor (which are found in the next following section of the Code). As originally written, C.C.P. art. 4502 similarly authorized the mother to act instead of the father when the latter is a mental incompetent or an absentee. Act 566 of 1975 amended the article, which now authorizes the mother, with the permission of the judge, to "represent the minor whenever the father fails or refuses to do so".
One purpose of the 1975 amendment was apparently to facilitate the compromise of a minor's claim in the oft occurring situation in which the minor is living with the mother, who is physically (but not legally) separated from the father, is supporting the child and is actually administering his estate. Apparently reasoning that the mother should not be forced to dissolve the marriage or to obtain a legal separation in order to pursue a minor's claim when she logically and justly is the person to represent the minor as to the claim, the legislature expressly authorized the mother to represent the minor in the compromise of a claim.
Although Article 683 was not expressly changed by the 1975 amendment to Article 4502, the reasoning applies as equally to judicial assertion of claims as to compromise of claims, and the 1975 act creates a conflict with Article 683. That article (683) recognizes the father to be the proper plaintiff when he is the administrator under Article 4501; however, when the mother is the administratrix under Article 4502, she logically would be the proper plaintiff to represent the children "with the permission of the judge".
Once the mother has been recognized by a court of competent jurisdiction as the administratrix of the minor's property and thus the proper plaintiff to assert a claim belonging to the minor, the defendant against whom the claim is asserted is without standing to attack collaterally the mother's procedural capacity. The only interest that a defendant in a suit by a minor (or that the other party to the compromise of a minor's claim) has in questioning a mother's capacity to represent the minor while the father is living is to be protected against multiple claims on the same incident and against possible double recovery.
In the present case defendants properly questioned the mother's procedural capacity asserted in the original petition. But once the mother, with permission of the judge, qualified as administratrix in the provisional tutorship proceeding and obtained judicial authority to represent the children in prosecuting this claim, the only *626 party with interest to attack that authorization was the father.[1]
Defendants' exception questioning the mother's procedural capacity, once she had been judicially qualified as administratrix of the minors' estates and authorized to present their tort claims, should have been overruled. The children are presumptively represented by the proper party, subject to an attack on procedural capacity by the father (perhaps even after the anniversary date of the accident since the suit interrupted prescription as to the children's tort claim), and defendants are protected against multiple actions and double recovery.[2]
The judgment of the trial court is reversed, and all exceptions filed by defendant are overruled.
REVERSED AND RENDERED.
NOTES
[1] Since the children are the true parties in the present suit, a separate suit by the father would be subject to an exception of lis pendens (and perhaps one of lack of procedural capacity in view of the judicial recognition of the mother's procedural capacity). Thus, defendants could protect themselves against multiple presentations of the same claim and against double recovery.
[2] A separate suit, by the father and mother jointly, is now in the record attached to a motion to dismiss the appeal as moot. However, the appeal by the mother, seeking to reverse a collateral attack on her authority to act alone as administratrix and as the proper plaintiff to assert a claim belonging to the minors, is not moot, and the motion to dismiss the appeal has been denied. Defendants may protect themselves by exceptions in the later suit.