EDWARDS, Judge.
This case raises the question of the correctness, vel non, of the district court’s actions in maintaining the defendants’ dilatory exception of lack of procedural capacity and dismissing plaintiff’s suit.
Elizabeth and Clyde Scott filed suit on behalf of their minor son, Clyde, Jr., against Jack’s Cookie Company and its insurer, Liberty Mutual Insurance Company. The Scotts’ suit alleged that they purchased a cookie manufactured by Jack’s which contained “a piece of stick.” Clyde, Jr. allegedly ate a portion of this cookie and as a result suffered personal injury. On the day that the petition was filed, the district court issued an order allowing Elizabeth Scott only to litigate the action as a pauper.
Defendants filed a dilatory exception of lack of procedural capacity on the part of Elizabeth Scott to sue for and on behalf of her minor son. The trial court maintained this exception and dismissed Elizabeth Scott’s suit. Elizabeth Scott has appealed that decision, contending that the trial court erred in maintaining the exception. Alternatively, Scott argues that the trial court erred in failing to give her the opportunity to amend her petition to cure any defects raised by the exception.
Under article 683 of the Louisiana Code of Civil Procedure unemancipated minors do not have the procedural capacity to sue on their own behalf. LSA-C.C.P. art. 683 provides as follows:
“An unemancipated minor does not have the procedural capacity to sue.
“Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when (1) one or both of the parents are dead, (2) the parents are divorced or judicially separated, or (3) the minor is an illegitimate child.
“The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is a mental incompetent or an absentee.”
Under this article a mother has the procedural capacity to bring an action on behalf of her minor child only when she is the tutrix of that child or the administratrix of that child’s estate. Plaintiff’s petition nowhere alleges that Elizabeth Scott is the tutrix or administratrix of Clyde Scott, Jr. Therefore, since the petition fails to allege that Elizabeth Scott has procedural capacity under LSA-C.C.P. art. 683, the trial court correctly maintained the exception.
Counsel for plaintiff relies upon Garrett v. Earnest, 376 So.2d 623 (La.App. 4th Cir. 1979) and Southern Shipbuilding Corp. v. Richardson, 372 So.2d 1188 (La.1979) as authority for the proposition that a mother may represent her child “for all purposes, even without being authorized to do so.” A cursory reading of these cases reveals that counsel sees much in them which simply is not there. In Garrett, supra, the court not *1336 ed that the mother had been recognized by a court of competent jurisdiction as the administratrix of the minor’s property and was, thus, the proper party to assert the claim belonging to the minor.[1] Southern Shipbuilding, supra, did not involve the mother’s procedural capacity to bring an action on behalf of a minor child, but was concerned with the question of whether or not a mother needed to qualify as tutrix or obtain court approval as a prerequisite to entering into a contingency fee contract for recovery of damages due her minor child for the wrongful death of the father. These cases clearly do not support the proposition for which plaintiff’s counsel cites them.
Since the mother’s petition failed to allege that she was the tutrix of Clyde, Jr. or the administratrix of his estate, we find that the district court properly maintained the dilatory exception of lack of procedural capacity. However, we conclude that the trial court erred in failing to allow plaintiff to amend her petition to cure the defects raised by the dilatory exception.
LSA-C.C.P. art. 933 provides, in pertinent part, as follows:
“If the dilatory exception pleading want of amicable demand is sustained, the final judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed.
“When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.”
Lack of procedural capacity is a defect which “may be removed by amendment of the petition or other action by plaintiff. ...” Louisiana Power & Light Company v. Ursin, 334 So.2d 559 (La.App. 4th Cir. 1976). Therefore, the trial court erred in dismissing Elizabeth Scott’s suit without first affording plaintiff an opportunity to cure the defect by amendment of her petition.
For the foregoing reasons, we reverse the district court’s judgment which dismissed Elizabeth Scott’s suit. We remand this case to the trial court which is hereby instructed to enter an order allowing Elizabeth Scott fifteen days within which to amend her petition to cure the defects pleaded by the dilatory exception; failure to do so within that time period will result in dismissal of the action without prejudice. The costs of this appeal are assessed against plaintiff-appellant.
REVERSED AND REMANDED.

. In Garrett, the defendant had questioned the propriety of the mother’s appointment as ad-ministratrix of the minor child since she had never been separated or divorced from the minor’s father. The court held that the only party with interest to attack the mother’s appointment as administratrix was the father himself.