DAVID LEPINE, JR. AND        *        NO. 2022-CA-0160
CAYDEN LEPINE

                       *

VERSUS                    COURT OF APPEAL

                       *

STATE OF LOUISIANA,          FOURTH CIRCUIT
DEPARTMENT OF WILDLIFE     *
AND FISHERIES, JOHN DOE         STATE OF LOUISIANA
COMPANY AND XYZ       * * * * * * *
INSURANCE COMPANY

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 66-873, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge
Dale N. Atkins)

**LOBRANO, J., CONCURS IN THE RESULT**

Michael C. Ginart, Jr.
Joyce Duhe Young
Nicholas N.S. Cusimano
John C. Ginart
LAW OFFICE OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Road
Chalmette, LA 70043


      COUNSEL FOR PLAINTIFF/APPELLANT


Jeff Landry
Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804-9005

William David Coffey
Brad C. Cashio
LOUISIANA ATTORNEY GENERAL'S OFFICE
1450 Poydras Street
Suite 900
New Orleans, LA 70112

Phyllis E. Glazer
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street
4th Floor
Baton Rouge, LA 70802

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED IN PART;**
**VACATED IN PART;**
**REMANDED**
**OCTOBER 5, 2022**

This is a negligence suit.  Appellants, David Lepine, Jr. and Cayden Lepine (collectively "the Lepines"), appeal the district court's February 4, 2022 judgment, which granted Appellee's – State of Louisiana, Department of Wildlife and Fisheries (the "LDWF") – motion for involuntary dismissal for failure to timely request service, sustained the LDWF's declinatory exceptions of insufficiency of service of process and insufficiency of citation and dismissed the claims against the LDWF without prejudice.  For the reasons that follow, we affirm the district court's judgment in part, vacate in part, and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2021, the Lepines filed a petition for damages (the "Petition") against LDWF,[1] alleging that on July 24, 2020, while operating a boat on the Delacroix Canal ("the canal") located in Plaquemines Parish, Louisiana, their boat struck a wooden pier and steel barriers obstructing the canal, causing them to be thrown from the boat and suffer injuries.[2]   The Lepines alleged that the LDWF, as

---

[1] The Lepines also sued John Doe Company and XYZ Insurance Company.

[2] Specifically, the Lepines alleged, in part:

II.

1

the owner of the canal, failed to maintain the pier, and that under the doctrine of *respondeat superior*, the LDWF was vicariously liable to the Lepines for the negligence of its employees. The Lepines requested service of citation on July 30, 2021, on the LDWF at 2000 Quail Drive, Baton Rouge, Louisiana, 70808 to the attention of Cole Garrett, the general counsel for the LDWF (the "general counsel"). On August 5, 2021, service was effectuated on the LDWF. On August 19, 2021, Sedgwick Claims Management Services, Inc. ("Sedgwick"), the third party administrator for the State of Louisiana – Office of Risk Management ("ORM"), emailed counsel for the Lepines to memorialize a call that occurred the previous day. In the email, Sedgwick confirmed it was in receipt of the Petition filed by the Lepines against the LDWF, the LDWF did not waive any procedural or legal defenses and Sedgwick requested an informal 30-day extension on behalf of the LDWF to review the file, assign counsel, and prepare pleadings. The Lepines granted the extension.

On November 16, 2021, the LDWF filed a motion for involuntary dismissal for failure to timely request service (the "motion") and declinatory exceptions of insufficiency of service of process and insufficiency of citation (collectively the "exceptions"), seeking to have the Lepines' suit dismissed without prejudice.[3] The

---

> . . . the [LDWF] had caused to be erected by defendant John Doe Company, a rock dam and later, a storm dam and wooden piling/pier with steel barriers/[trusses] in the Delacroix Canal (also known as "Manuel's Canal") . . . which said dam was obstructing the subject canal causing a hazardous condition to those navigating the said waterway. This was done without public notice and without notice to boaters and without the placement of any type of lighting and/or reflective materials.

[3] The LDWF also filed a dilatory exception of vagueness in the district court. However, the exception of vagueness was not argued at the January 10, 2022 hearing with the LDWF's motion and other exceptions, was not decided by the district court and is not the subject of the instant appeal.

LDWF argued that the Lepines failed to comply with the mandatory service of process requirements for all tort actions against the State of Louisiana (the "State"), its agencies or employees under both La. R.S. 13:5107 and La. R.S. 39:1538.[4] Specifically, LDWF contended that the Lepines failed to timely request service on the department head Jack Montoucet, the secretary of LDWF, and failed to timely request service on the ORM and the attorney general in accordance with the statutory requirements. The Lepines later requested service of citation on the LDWF on December 1, 2021.[5]

On January 10, 2022, the LDWF's motion and exceptions came for hearing. Following the hearing, the district court orally granted the LDWF's motion, dismissing the Lepines' Petition without prejudice, and sustained LDWF's exceptions. The district court reasoned that the use of the word "shall" in La. R.S. 39:1538 and La. R.S. 13:5107 made service of process on the department head, the ORM, and the attorney general, mandatory.

This timely appeal followed.

## DISCUSSION

On appeal, the Lepines assert as their sole assignment of error that the district court erred in finding they failed to timely request and effectuate service on the LDWF. When there are no disputes as to the facts, as in the case *sub judice*, "the ruling on exceptions of insufficiency of citation and service of process is [reviewed under] a *de novo* standard of review." *Brown v. Chesson*, 20-00730, p. 2

---

[4] La. R.S. 13:5107 and La. R.S. 39:1538, which provide the mandatory statutory provision for service of citation and process when the State, its agencies, or employees are named defendants, will be more fully discussed *infra*.

[5] In their brief, the Lepines argue that service of citation was effectuated on the attorney general, the ORM and head of the LDWF, respectively, on January 11, 12 and 13, 2022, after the motion and exceptions hearing.

(La. 3/24/21), 315 So.3d 834, 836 (citing *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433, p. 3 (La. App. 2 Cir. 4/22/20), 295 So.3d 1274, 1276, *writ denied*, 20-00717 (La. 9/29/20), 301 So.3d 1176). Accordingly, an appellate court's interpretation of the application of La. R.S. 13:5107 and La. R.S. 39:1538 to the facts of a case presents a question of law and is likewise reviewed under a *de novo* standard of review. *Id.* at p. 3, 315 So.3d at 836 (citing *Pierce Founds., Inc. v. Jaroy Constr., Inc.*, 15-0785, p. 7 (La. 5/3/16), 190 So.3d 298, 303).

La. R.S. 13:5107 provides the statutory requirements for citation and service against the state, state agencies or political subdivisions, in relevant part:

> A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
>
> (2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.
>
> \* \* \*
>
> D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such

4

action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C),[6] as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

La. R.S. 39:1538, the statutory guidelines for serving claims against the State in which the State may be found liable for damages, provides, in pertinent part:[7]

D. In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

"The starting point in the interpretation of any statute is the language of the statute itself." *Whitley v. State ex rel. Bd. of Sup'rs of La. State Univ. Agric. Mech. Coll.*, 11-0040, p. 6 (La. 7/1/11), 66 So.3d 470, 474 (citing *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So.2d 16, 27). It is axiomatic that when statutory language is troublesome, i.e. ambiguous, it falls to the courts to parse their meaning. As the Supreme Court articulated in *Pierce Founds., Inc.*, 15-0785, p. 6, 190 So.3d at 303, "[l]egislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent." (citing *Cat's Meow, Inc. v. City of New Orleans through Dep't*

---

[6] La. C.C.P. art. 1672(C) provides that a judgment dismissing an action without prejudice shall be rendered for failure to timely request service unless, after contradictory hearing, good cause is shown why service could not be requested.

[7] La. R.S. 39:1538 was amended by Act 2022 La. Sess. Law Serv. Act 369 (H.B. 78). The amendment added Subpart E to the statute, which is not pertinent to this case.

*of Fin.*, 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198; *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-0023, p. 8 (La. 6/26/09), 17 So.3d 350, 355-56; *see also* La. R.S. 24:177(B)(1)). However, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Similarly, "[w]hen the wording of a section of the revised statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." *Whitley*, 11-0040, p. 6, 66 So.3d at 474 (citing La. R.S. 1:4). "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." *Id*. (quoting La. R.S. 1:3). Nevertheless, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. C.C. art. 10. Additionally, "[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La. C.C. art. 12.

"Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken." *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 8 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 78, *writ denied*, 20-00870 (La. 10/14/20), 302 So. 3d 1120. "If the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is employed." *Id*. (citing *Marks v. New Orleans Police Dep't*, 06-0575, p. 10 (La. 11/29/06), 943 So.2d 1028, 1035). "Provisions designed to secure order, system, and dispatch by guiding the discharge of duties are usually construed as directory even if worded in

6

the imperative." *Id*. (citing *Marks*, 06-0575, p. 11, 943 So.2d at 1035).

In accordance with La. C.C.P. art 932:

A.  When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.

B.  If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

With these tenets in mind, we conduct our *de novo* review.

*Analysis*

The Lepines' argument is two-fold.  First, they argue that, pursuant to La. R.S. 13:5107(A)(1), in suits filed against the State or a state agency, service of citation may be effectuated on the department, agency head or person, depending upon the identity of the named defendant. The Lepines contend that although the service instruction requested service on the LDWF states "'Attn: Cole Garrett,'" . . . it does not state *through* Cole [Garrett]." Thus, the Lepines argue that service of citation was sufficient because "the statute allows for service to be effectuated on the department or [person] belonging to the state agency."  Second, the Lepines argue that in accordance with the Supreme Court holding in *Whitley*, the ninety-day service deadline in La. R.S. 39:1538 was inapplicable when the ORM and the attorney general were not named defendants where service of citation was

7

effectuated on the state agency and the statute does not provide for dismissal for failure to effectuate service.

In response, the LDWF argues that the district court's judgment granting its exception for insufficiency of service should stand because the Lepines did not cite or effectuate service on all of the essential parties provided for in La. R.S. 13:5107 and 39:1538. The LDWF contends that under these statutes, the Lepines were required to request service on the ORM and the attorney general, in addition to the LDWF. We will address each statute in turn.

*I. La. R.S. 13:5107(D)(1)*

The case *sub judice*, largely hinges upon our interpretation of La. R.S. 13:5107(D)(1):

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action . . . . This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

Specifically, we refer to that portion of the statute which provides that "[i]f not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service." This Court was previously asked to consider this exact passage in *Wright v. State*, 18-0825 (La. App. 4 Cir. 10/31/18), 258 So.3d 846. In discussing the issue, the *Wright* Court explained, "[Respondent's] contention is that, although he improperly requested service, his request was timely pursuant to that portion of La. R.S. 13:5107[(D)(1)]

8

. . . . He cites no case law for his position and we are not persuaded by his argument." *Id*. at p. 4, 258 So.3d at 848. We must respectfully disagree.

La. R.S. 13:5107 was initially inscribed into the Revised Statutes via 1975 La. Acts 434, § 1 of the Louisiana Legislature. It was subsequently amended several times, including a 2014 amendment proposed by Senator Edwin R. Murray in Senate Bill 222 ("SB 222"), which was enacted by 2014 La. Acts 379, § 1, with an effective date of May 30, 2014. This amendment added the final sentence of La. R.S. 5107(D)(1). Our review of the legislative history associated with this addition made our determination an easy one. On April 28, 2014, Senator Murray appeared in a House of Representatives committee meeting which was convened to consider, *inter alia,* SB 222. In explaining the purpose behind the proposed bill, Senator Murray focused on the phrase, "notwithstanding insufficient or erroneous service,"[8] and explained that the impetus behind the inclusion of this wording was so that plaintiffs "did not lose [their] day in court because service was not accomplished in the time period provided."[9] Additional discussion revealed that the intent of this amendment was to ensure that insufficient or erroneous service did not result in a plaintiff's action being barred by prescription. Senator Murray went on to add that he had worked closely with the attorney general in formulating the language to be included.[10] In appearing before the Senate committee hearing,

---

[8] "Notwithstanding," according to Black's Law Dictionary, is defined as "[d]espite; in spite of . . . . Not opposing; not availing to the contrary." BLACK'S LAW DICTIONARY (11th ed. 2019).
*In the Senate committee hearing, Senator Murray referred to this phrase as "the crux of the bill." *See infra* fn. 11 at 15:12.

[9] A video recording of the April 28, 2014 House Civil Law and Procedure Committee hearing is available at:
https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2014/Apr_2014/0428_14_CL - the testimony begins at 9:25.

Senator Murray further clarified his position by offering, "[i]f the information is inaccurate [in the citation], you run the risk of having your petition dismissed from court because you have not served the person within the proper timeframe . . . what this amendment will do . . . as long as you have requested service . . . it will give you time to properly serve the other party."[11]

In addition to this supplemental language in La. R.S. 13:5107, 2014 La. Acts 379, § 1 also codified this precise provision into the general Code of Civil Procedure article governing service and citation, La. C.C.P. art. 1201(D), as well as La. C.C.P. art. 3955(D) (relating to service of petitions for divorce under La. C.C. art. 102). Taken together, we find that through this set of amendments the legislature has evinced a strong desire to maintain causes of action when an amendment of the petition can cure defects such as we find in the present case. Accordingly, we conclude that, in the instant matter, service of citation was timely requested at the time of the filing of the Lepines' Petition on July 22, 2021, albeit it erroneously cited the LDWF's general counsel rather than the LDWF secretary as directed by La. R.S. 13:5107(A)(1). Because this timely request served to interrupt the ninety-day prescriptive period mandated in La. R.S. 13:5107(D)(1), we find that rather than dismissing the Lepines' action, the more proper course of action would have been to allow the Lepines to amend the erroneous citation. This approach comports with the dictates found in La. C.C.P. art. 932 as outlined *supra*.

This argument has merit.

*II. La. R.S. 39:1538(D)*

---

[10] A member of the attorney general's staff appeared with Senator Murray in support of SB 222 at the House Civil Law and Procedure Committee hearing.

[11] A video recording of the April 8, 2014 Senate Civil Law and Procedure Committee hearing is available at: https://senate.la.gov/s_video/videoarchive.asp?v=senate/2014/04/040814JUDA - testimony begins at 14:30.

The Lepines, relying on the Supreme Court's reasoning in *Whitley*, contend that service of citation on the general counsel, a person belonging to the state agency, was sufficient service on LDWF. The Lepines maintain that even assuming the secretary was the only person allowed to receive service on behalf of LDWF, their failure to request service on the specific person within ninety days of the commencement of their action did not entitle LDWF to the dismissal of their claims under La. R.S. 39:1538. We agree.

In *Whitley*, 11-0040, 66 So.3d 470, the plaintiff filed a medical malpractice action against the State of Louisiana, through the Board of Supervisors of Louisiana State University Agricultural Mechanical College on behalf of the Medical Center of Louisiana at New Orleans–University Campus (the "hospital"). The plaintiff initially requested service of citation on the Board of Supervisors, through its chairman and agent for service of process. About two and half years later, service was effectuated on the ORM and the attorney general. The hospital filed a declinatory exception for insufficient service of process, which was overruled by the district court. This Court denied the hospital's writ application, and plaintiff sought certiorari review. The Supreme Court granted the hospital's application for certiorari review for the sole purpose to determine whether, in a tort action against a state agency, it is sufficient to serve only the head of the state agency with citation within the ninety-day timeframe, or whether service of process was also necessary on the ORM and the attorney general. The *Whitley* Court found that although the plaintiff failed to serve the ORM and the attorney general pursuant to La. R.S. 39:1538(D), unlike La. R.S.13:5107,[12] La. R.S.

---

[12] It is important to note that after *Whitley* was decided, La. R.S. 13:5107 was amended 2012 La. Acts 770. The amendment changed the designation of paragraph (A) to (A)(1) and added

11

39:1538 did not mandate that service of process be requested within ninety days of the commencement of the action or be subject to dismissal pursuant to La. C.C.P. art. 1672(C).[13] The Supreme Court explained that because La. R.S. 39:1538(D)[14] did not include a timeframe in which to serve the named persons and entities, a timely request of service on one of the three listed under the statute was sufficient to put them all on notice of the tort claims against the pertinent State entity. The *Whitley* Court concluded "an objection of insufficiency of service based on [La. R.S.] 39:1538(4) can be cured by subsequent service on those entities/persons not previously served." *Whitley*, 11-0040, p. 18, 66 So.3d at 482.

More recently, in *Brown*, 20-00730 (La. 3/24/21), 315 So.3d 834, the Supreme Court granted certiorari review to determine whether the service requirements of La. R.S. 13:5107(D) are limited to instances where a named defendant is not timely served. Therein, the patient filed a petition for damages in the district court against the qualified state healthcare provider (the "doctor"). The patient alleged the doctor committed medical malpractice during surgery and post-operation care. The doctor was the only named defendant in the petition, and the patient requested service of citation on the doctor at his medical office. The doctor filed declinatory exceptions of insufficiency of citation and service of process and argued that the patient failed to comply with La. R.S. 13:5107 and La. R.S. 39:1538 by failing to serve the head of the department for the Board of

---

paragraph (A)(2), making it mandatory for the attorney general to be served within ninety days of commencement of the action.

[13] *See supra* fn. 5.

[14] After *Whitley* was decided, La. R.S. 39:1538 was amended by 2018 La. Acts 627 with the addition of Subpart E, which is not pertinent to the case *sub judice*.

Supervisors, the ORM and the attorney general. The district court overruled the doctor's exceptions, and the doctor sought supervisory review with this Court.

This Court, relying on *Velasquez v. Chesson*, 13-1260, (La. App. 4 Cir. 10/8/14), 151 So.3d 812 and *Wright*, 18-0825 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, reversed the district court's judgment and found that the doctor – although named individually in the patient's petition – was required to receive timely service of citation through the head of the department for the Board of Supervisors, the ORM or the attorney general. *See Brown v. Chesson*, 19-0447, (La. App. 4 Cir. 4/24/20), 299 So.3d 741. The Supreme Court, in reversing this Court's decision, reiterated *Whitley* and set forth that "while La. R.S. 13:5107(D) mandates service be requested within ninety days of the commencement of the action under penalty of dismissal without prejudice, such penalty is limited to instances where a *named defendant* is not timely served." *Brown*, 20-00730, pp. 4-5, 315 So.3d at 837 (citing *Whitley*, 11-0040, pp. 16-17 (La. 7/1/11), 66 So.3d at 480-81). The *Brown* Court further espoused that "'[a]lthough La. R.S. 13:5107(D)(1) clearly requires that service of citation be requested within ninety days of the commencement of the action, it does not specify the manner of making such request or when request is deemed to be made.'" *Id.* at p. 5, 315 So.3d at 837 (quoting *Tranchant v. State*, 08-0978, p. 5 (La. 1/21/09), 5 So.3d 832, 835).[15] The *Brown* Court set forth that "[i]f a medical malpractice plaintiff may name an individual physician state health care provider as a defendant, it is axiomatic that

---

[15] *See also, e.g., Draten v. Univ. Med. Ctr. Mgmt. Corp.*, 20-0519, p. 14 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, 449-50 (where this Court reversed the district court's granting of an exception of insufficiency of service of process and citation and concluded that in accordance with La. C.C.P. art. 1201(C), service of process that is requested within ninety days of the commencement of the action with the clerk of court by the plaintiff's petition is a sufficient request for service of process).

service may be requested on this individual pursuant to La. C.C.P. art. 1232." *Id.* at p. 5, 315 So.3d at 838 (citing *Detillier v. Kenner Reg'l Med. Ctr.*, 03-3259, pp. 13-14 (La. 7/6/04), 877 So.2d 100, 109). Accordingly, the Supreme Court concluded that the patient timely requested service on the doctor, who was the only named defendant in her petition.

In cases similar to the instant appeal, Federal Courts have routinely been called upon to interpret and apply Louisiana law by reviewing the implications of La. R.S. 39:1538. The Eastern District of Louisiana Court reasoned that, "[s]ince the statute 'does not mandate that service of citation be requested within [ninety] days of filing the petition or that the failure to do so warrants the dismissal of the action,' Louisiana courts have consistently held that any insufficiency under La. R.S. 39:1538 'can be cured by subsequent service on those entities/persons not previously served.'" *Gomez v. Aardvark Contractors, Inc.*, No. 18-4186, 2019 WL 13109598, at *1 (E.D. La. April 22, 2019) (quoting *Whitley*, 11-0040, pp. 16-18, 66 So.3d at 480, 482).[16]

The *Gomez* Court also found the case of *Hunter v. La. State Univ. Agr. & Mech. Coll. ex rel. La. Health Care Servs. Ctr. for Univ. Hosp. at New Orleans*, 11-2841 (La. 3/9/12), 82 So.3d 268, to be instructive. The facts of *Hunter*, as set forth by this Court in *Hunter v. La. State Univ. Agric. & Mech. Coll. ex rel. La.*

---

[16] The *Gomez* Court highlighted several other cases that have held that defects regarding service of process under La. R.S. 39:1538 may be cured: *See also Lewis v. La. Dep't of Transp. & Dev.*, No. 10-4600, 2011 WL 3502327, at *2 (E.D. La. Aug. 10, 2011) (where the court held that the failure to serve process on the office of risk management "can be cured by Plaintiffs, so dismissal of their claims for insufficient service of process is inappropriate at this time."); *see also Davis v. Nw. State Univ.*, No. 1:14-1049, 2015 WL 4544556, at *2 (W.D. La. July 27, 2015) (where the court found, "to avoid dismissal, plaintiff will need to amend his complaint to properly name the Board of Supervisors and will need to effect service in the manner proscribed by . . . [La. R.S. 39:1538]."); *see also Marcell v. Toyota Motor N. Am., Inc.*, 11-1072, pp. 4-5 (La. App. 3 Cir. 2/1/12), 84 So.3d 757, 760 (where the court opined that "because Plaintiff can cure this defective service by requesting and obtaining service on those entities, the trial court erred in dismissing her claims without allowing her time to do so.").

*Health Care Servs. Ctr. for Univ. Hosp. at New Orleans*, 10-1406, (La. App. 4 Cir. 6/8/11), 77 So.3d 264, are summarized as follows:

The plaintiff alleged he sustained injuries while visiting University Hospital. The plaintiff subsequently filed suit, inadvertently naming Louisiana State University Agricultural Mechanical College on behalf of Louisiana Health Care Service Center for University Hospital at New Orleans, AKA University Hospital (the "hospital") as a defendant. The plaintiff timely requested service of citation on the attorney general and attempted service of citation on the hospital through an improper agent for process, rather than the chairman of the Board of Supervisors, as required by the statute. Following, service of citation was effectuated on the attorney general but never made on the hospital. After a hearing, the district court sustained an exception of insufficiency of service of process filed by the hospital and dismissed plaintiff's action against the hospital without prejudice. The plaintiff appealed. On appeal, this Court affirmed the district court's judgment, finding that the plaintiff lacked good cause for failing to request service of citation on the correct agent for service of process for the hospital within ninety-days of commencement of the suit. The plaintiff filed an application for certiorari review with the Louisiana Supreme Court, which was granted. On review, the Supreme Court, in reversing this Court's decision, found that the plaintiff timely requested service on the attorney general; thus, placing the attorney general on notice of the tort action against the hospital and satisfying the requirements of La. R.S. 13:5107. The *Hunter* Court further concluded that while the plaintiff did not satisfy the requirements of La. R.S. 39:1538, the appellate court was errant in dismissing the action, rather than allowing plaintiff the opportunity to cure the defect by serving the department head and the ORM.

Moreover, in *Neighbors of 200 Henry Clay Avenue v. Board of Zoning Adjustment*, 21-0387, pp. 13-14 (La. App. 4 Cir. 1/26/22), 335 So.3d. 255, 264, this Court applied the very same reasoning:

> Since . . . insufficient service of process may possibly be cured by amending the petition and requesting proper service, the trial court erred by failing to allow plaintiffs time to amend pursuant to La. C.C.P. art. 932(A) . . . . Accordingly, we vacate the portion of the trial court judgment dismissing Plaintiffs' claims without prejudice and remand the matter to allow Plaintiffs an opportunity to attempt to cure the defects. *See Interdiction of Hunter*, 18-0685, p. 5 (La. App. 4 Cir. 12/19/18), 318 So. 3d 784, 788; *Scott v. Jack's Cookie Co.*, 413 So. 2d 1334, 1336 (La. App. 1st Cir. 1982).

Turning to the case *sub judice*, there is no dispute that the plain language of La. R.S. 39:1538 requires service of citation to be served on the department head, the ORM, and the attorney general. As previously mentioned, the record reveals the Lepines requested service of citation on the only named defendant, the LDWF, to the attention of the general counsel, rather than on the department head – the proper agent for service of process. Although the Lepines attempted to cure the defect by subsequently requesting service of citation on the department head of the LDWF, the ORM and the attorney general on December 1, 2021, service of citation was not effectuated before the January 10, 2022 hearing on LDWF's motion and exceptions. Thus, we conclude that the Lepines failed to satisfy the requirements of La. R.S. 39:1538. Notwithstanding, having found the Lepines timely requested service of citation on the LDWF as mandated in La. R.S. 13:5107(D)(1), we have determined that rather than dismissing the their action, the Lepines should be allowed to cure the defective citation as per La. C.C.P. art. 932.

This argument has merit.

Consequently, while we have attempted to provide a somewhat comprehensive review of the various jurisprudential permutations regarding both

La. R.S. 13:5107 and La. R.S. 39:1538, our review of the legislative history of the provisions of La. R.S. 13:5107 leads us to the conclusion that the legislature has disposed of this issue as it pertains to insufficient or erroneous citation. Therefore, we find that we have a clear legislative mandate as enunciated by Senator Murray that "[even] if information is inaccurate [in the citation], as long as you have requested service . . . it will give you time to properly serve the other party," so that a plaintiff will "not lose [their] day in court." We find that the district court did not err in sustaining the LDWF's exceptions, as service of citation, although requested, was not properly effectuated upon the LDWF in accordance with La. R.S. 13:5107 and La. R.S. 39:1538. However, we conclude the district court erred in dismissing the Lepines' suit without prejudice rather than allowing them an opportunity to cure the defect in their service of citation on LDWF, the ORM and the attorney general in accordance with La. C.C.P. art. 932(A).

## CONCLUSION

For the foregoing reasons, we affirm that portion of the district court's judgment that sustains the exceptions of insufficiency of service of process and insufficiency of citation, vacate the portion of the district court's judgment dismissing the Lepines' claims without prejudice and remand the matter to allow the Lepines an opportunity to attempt to cure the defects.

**AFFIRMED IN PART;**
**VACATED IN PART;**
**REMANDED**